IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALONZO KING, | * | |
| | * | |
| Claimant, | * | |
| | * | |
| v. | * | Civil Case No. SAG-08-2382 |
| | * | |
| CAROLYN W. COLVIN, | * | |
| Acting Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |

******

**<u>MEMORANDUM</u>**

This matter is before the Court by the parties' consent. (ECF Nos. 6, 11). Vincent Piazza, Esq. has filed a petition for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).[1] (ECF No. 53). After a request from the Court, Mr. Piazza filed supplemental information about the fee petition. (ECF No. 55). The Commissioner has opposed Mr. Piazza's petition, contending that the fees requested in the petition would result in a windfall. (ECF No. 56). No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the reasons set forth below, Mr. Piazza's Petition for Attorney's Fees is GRANTED in part and DENIED in part.

**I. BACKGROUND**

Alonzo King filed an application for SSI and DIB in January, 2006. (ECF No. 10, Ex. 1,

---

[1] Before filing the instant petition, perhaps in an abundance of caution, Mr. Piazza sought to amend his fee petition from 2010 to add a citation to 42 U.S.C. § 1383(d)(2). (ECF No. 50). The Commissioner objected to the amendment. (ECF No. 52). However, Mr. Piazza's motion to add that citation was administratively terminated by the clerk on December 18, 2013, for reasons that are not apparent from the docket. Whether the 2010 petition contained a reference to 42 U.S.C. § 1383(d)(2) or not is immaterial to the issues presented in the instant motion, particularly because Mr. King was awarded both Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). There is therefore no reason to re-open Mr. Piazza's motion to add the new citation. In fact, Mr. Piazza did not refer to 42 U.S.C. § 1383(d)(2) in the instant petition. (ECF No. 53).

at 1). He was represented throughout the agency proceedings by Mr. Piazza. After benefits were denied through the administrative appeals process, on September 12, 2008, Mr. King petitioned this Court to review the Social Security Administration's final decision to deny his claims. (ECF No. 1). Mr. King submitted a motion for summary judgment, and the Commissioner then filed fifteen motions for extensions of time (fourteen of which were filed by consent and one which indicated that agency counsel could not reach Mr. Piazza to determine consent). (ECF Nos. 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41). Finally, the Commissioner submitted a consent motion to remand Mr. King's claim to the agency under Sentence Four of 42 U.S.C. § 405(g). (ECF No. 43). The court granted the consent remand on July 22, 2010. (ECF No. 44).

After the consent remand, Mr. King requested attorney's fees for Mr. Piazza under the Equal Access to Justice Act ("EAJA") on August 18, 2010. (ECF No. 45). Following another consent motion for extension of time, the Commissioner stipulated to an award of $3,500.00 in EAJA fees to Mr. Piazza. (ECF No. 49). After further proceedings at the agency, on August 30, 2013, the SSA awarded past-due benefits to Mr. King, in the total amount of $95,958.70. Subsequently, the SSA authorized a fee in the amount of $6,000.00 for Mr. Piazza's work in front of the agency, which he received, minus a small administrative fee. (ECF No. 55).

Mr. Piazza timely filed the instant Petition for Attorney's Fees within thirty days of receipt of the SSA's Notice of Award dated March 9, 2014. (ECF No. 53). Mr. Piazza now seeks $23,989.67 for 29.2 hours of work in front of the federal district court. (ECF No. 45, Ex. 2). $23,989.67 equals twenty-five percent of the past-due benefits awarded. The government contends that Mr. Piazza's request would result in an award that is inappropriately large in this case, and, further, that he has already been compensated for his work at the administrative level by the SSA. (ECF No. 56).

## II. ANALYSIS

Upon an award of past-due benefits under Title XVI Supplemental Security Income, 42 U.S.C. § 1383 authorizes the payment of reasonable attorney's fees totaling no more than twenty-five percent of such benefits. 42 U.S.C. § 1383(d)(2)(B)(i). Section 1383 specifically incorporates provisions of 42 U.S.C. § 406(b), which governs payment of attorney's fees out of an award of past-due benefits under Title II Disability Insurance Benefits. 42 U.S.C. § 1383(d)(2)(A). In practice, the two statutes function identically, and the same considerations are undertaken in determining reasonable fees under each provision.

The Supreme Court has emphasized the primacy of the contingent-fee agreement made between attorney and client in determining the fees that should be paid to that attorney for successfully representing a claimant for Social Security benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The court's role is to "review [] such agreements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

The contingent-fee agreement between Mr. Piazza and Mr. King reads:

> [My attorney and I] agree that if the SSA favorably decides the claim *at any stage through the first hearing at the Administrative Law Judge level* I will pay my attorney *a maximum fee of the lower of* (a) 25% of all past-due benefits, or (b) $5,300.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. section 406(a).

(ECF No. 53, Ex. 3) (emphasis added).[2] After reviewing that language, this Court asked Mr. Piazza to provide any additional fee agreements that govern the fee for any proceedings occurring *after* the first hearing at the Administrative Judge level, including the proceedings in

---

[2] Fee agreements approved by the agency on or after June 22, 2009 are subject to a $6,000.00 maximum. *See* Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080-02 (Feb. 4, 2009). Although the agreement between Mr. King and Mr. Piazza was signed on February 13, 2007, the Court will assume that it was not approved by the agency until on or after June 22, 2009. That assumption coincides with the award of fees by the agency in the amount of $6,000.00.

this Court. (ECF No. 54). No additional fee agreements were submitted, suggesting that there is no contingent fee agreement governing the services Mr. Piazza provided to Mr. King in this Court. In fact, Mr. Piazza appears to misapprehend his own agreement, as he contends in his supplement that, "Plaintiff and Plaintiff's counsel have entered into a fee agreement of 25% of the client's retroactive Social Security benefits." (ECF No. 55). No such language appears in the agreement.

This case therefore differs from the heartland of cases, which typically present with a contingent fee agreement, signed by the claimant, memorializing an agreement to pay a fee of twenty-five percent of past-due benefits. In the absence of any governing contingent fee agreement, the inquiry turns to assessing a "reasonable fee" under 42 U.S.C. § 1383(d)(2). *See Gisbrecht*, 535 U.S. at 808. Mr. Piazza has thus far been awarded $9,500.00 in attorney's fees — $3,500.00 for his work before the Court under the EAJA, and $6,000.00 for his representation before the agency. This Court lacks statutory authority to grant any counsel a total fee entitling him to more than twenty-five percent of Mr. King's past-due benefits. *Morris v. Soc. Sec. Admin.*, 689 F.2d 495, 497 (4th Cir. 1982). Because Mr. Piazza has already received the $6,000.00 awarded by the agency and paid from Mr. King's past-due benefits, only $17,989.67 remains available as the maximum potential award by this Court.

"Courts are 'without jurisdiction to decree compensation for professional representation' at the administrative level[.]" *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005) (quoting *Robinson v. Gardner*, 374 F.2d 949, 950 (4th Cir. 1967)); *see also* D. Md. R. 109.2(c) (stating that a motion for attorney's fees made under 42 U.S.C. §§ 406(b) or 1383(d) "may not seek any award of fees for representation of the claimant in administrative

proceedings"). This Court, therefore, is limited to determining a reasonable fee for the 29.2 hours of work performed in this venue.

In assessing the reasonableness of a fee, this Court must consider "the character of the representation and the results the representative achieved." *Gisbrecht,* 535 U.S. at 808. Several factors militate against awarding Mr. Piazza the maximum allowable remaining fee of $17,989.67 for his 29.2 hours of work. First and foremost, given the limited language in the retainer agreement presented to Mr. King, Mr. Piazza has presented no evidence that suggests Mr. King was ever made aware that he could eventually be awarded more than $6,000.00 of his past-due benefits. *See* (ECF No. 53, Ex. 3; ECF No. 55, Ex. 1) ("I will pay my attorney *a maximum fee of the lower of* (a) 25% of all past-due benefits, or (b) $5,300.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. 406(a)") (emphasis added). The instant petition for additional fees was filed by Mr. Piazza, not Mr. King. Second, the amount of Mr. King's past-due benefits grew exponentially as a result of the inordinate delays which were not caused by, but which were acquiesced to by, Mr. Piazza. The Commissioner's requests for fifteen one-month extensions of time caused Mr. King's case to be pending for more than a year longer than necessary. Because Mr. King's benefits were payable at monthly amounts ranging from $857.90–1025.40, an extra fifteen months' worth of back benefits represents a significant increase in Mr. Piazza's potential fee. Allowing attorneys to benefit financially from the accrual of back benefits provides a disincentive to their management of their clients' cases in a timely fashion. Third, the character of the representation provided was not particularly complex. Mr. Piazza filed only a one-page complaint, and a motion for summary judgment containing about four pages of non-boilerplate legal argument.

If the Court were to allow $17,989.67 in additional fees for that court representation, the hourly rate would amount to $616.09 per hour. That high rate is unwarranted for several reasons. First, 4.2 hours of that time consisted exclusively of billings for receiving and reviewing (1) consent motions for extensions of time and (2) orders granting consent motions for extensions of time. Those entries will be discounted entirely. Another significant portion of the remaining 25 hours of work was comprised of tasks that could have been performed by a paralegal or administrative assistant, such as .1 hours for "received Summons," .8 hours for "mailed various documents by certified mail, return Receipt requested to Office of General Counsel, Department of Justice and U.S. Attorney's Office[,]" .3 hours for "drafted and filed Consent to Magistrate," .1 hours for "received Order Referring case to Magistrate."[3] The remainder of the "attorney work" also either contains clerical components, such as logging a scheduling order into a system of electronically filing a motion, or consists largely of preparing and filing boilerplate documents, such as the one-page complaint. *See* (ECF No. 45, Ex. 2). Moreover, Mr. Piazza billed his work drafting the motion for summary judgment over a period of more than two months, from "12/5/08-2/13/09," with no specific indications of the amount of time worked on any particular date. The accuracy of bills submitted with this type of inadequate recordkeeping is highly questionable. Finally, this Court notes that it has issued numerous prior opinions addressing the issues contained herein, and Mr. Piazza has since made no apparent effort to rectify his billing practices by clarifying his fee agreements with his clients or

---

[3] It should be noted that this Court is not obligated to compensate Mr. Piazza for clerical tasks under either the EAJA or 42 U.S.C. § 1383. *See Meade v. Barnhart*, 218 F. Supp. 2d 811, 813 (W.D. Va. 2002) (finding clerical tasks non compensable under 42 U.S.C. § 406(b)); *Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all").

submitting adequately particularized billing statements to this Court.  Five additional hours will be excluded to account for the inclusion of clerical tasks and the suspect manner in which the motions work was billed.

Because of these considerations, this Court will award Mr. King's counsel $4,000.00 under 42 U.S.C. § 1383, which amounts to $200.00 per hour for 20 hours of attorney work.  Mr. Piazza will then refund his EAJA fee of $3,500.00 to Mr. King.[4]  Mr. Piazza will ultimately receive a total fee of $10,000.00, or 10.42 percent of Mr. King's back benefits, for his work on this case.  That award is fair and reasonable in light of the lack of adequate notice to Mr. King in the fee agreement about the potential amount of the fee, in light of the inadequacy of the billing records, and in light of Mr. Piazza's contribution to a greatly delayed, thus much larger, award of back benefits.

## CONCLUSION

Based on the foregoing, the Court GRANTS in part and DENIES in part Mr. Piazza's Petition for Attorney's Fees. A separate order follows.

Dated: September 4, 2014                                  /s/
                                                                    Stephanie A. Gallagher
                                                                    United States Magistrate Judge

---

[4] The EAJA "provides that no violation of law occurs 'if, where the claimant's attorney receives fees for the same work under both [42 U.S.C. § 406(b) and 28 U.S.C. § 2412(d)], the claimant's attorney refunds to the claimant the amount of the smaller fee.'" *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528 (2010).